# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

### LETTER OPINION

December 8, 2006

Abraham S. Alter
Langton & Alter, Esquires
2096 St. Georges Avenue
P.O. Box 1798
Rahway, NJ 07065

    (*Attorney for Plaintiff*)

Dennis J. Channing
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza
Room 3904
New York, NY 10278

    (*Attorney for Defendant*)

    RE:    <u>Russ v. Commissioner of Social Security</u>
             <u>Civ. No. 05-3716 (WJM)</u>

Dear Counsel:

    Plaintiff Betty Ruth Russ ("Russ") brings this action pursuant to 42 U.S.C. § 405(g) (2006) of the Social Security Act, seeking review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings consistent

with this Letter Opinion.

## Background and Procedural History

Russ applied for DIB on August 11, 2001, alleging disability due to coronary artery disease and high blood pressure. (Tr. at 63-65.)[1] The Commissioner denied this application initially and on reconsideration. (Tr. at 26-27.) Russ then filed a request for a hearing, which Administrative Law Judge Richard L. De Steno ("ALJ De Steno") denied as untimely. (Tr. at 28-31.) Russ then appealed. In a decision dated May 14, 2003, the Appeals Council remanded the case to ALJ De Steno for a hearing. (Tr. at 54-56.) Russ appeared and testified before ALJ De Steno on August 5, 2003.

In a decision dated September 11, 2003, ALJ De Steno denied Russ's application for benefits. (Tr. at 14-25.) Applying the familiar five-step analysis for determining whether a claimant is disabled, ALJ De Steno first found that Russ had not engaged in any substantial gainful activity since her alleged onset date of April 25, 2001. (Tr. at 22.) Then, at step two, he found that Russ's impairments (i.e., coronary artery disease, hypertension, peripheral neuropathy, and obesity) were severe. (Tr. at 22.) At step three, he determined that Russ's impairments did not meet or equal any of the impairments listed in Appendix 1, Subpart P. Regulations No. 4. (Tr. at 22-23.) Next, at step four, ALJ De Steno determined that Russ retained the residual functional capacity ("RFC") to perform the full range of sedentary work. (Tr. at 24.) Since this comported with Russ's past relevant work as a data entry clerk and customer service worker, ALJ De Steno found her not disabled. (Tr. at 24.) Therefore, ALJ De Steno determined that Russ was not entitled to benefits.

Russ appeals this ruling. She argues that: (1) ALJ De Steno improperly discounted reports by her treating physician; (2) he wrongly discredited her complaints of pain; (3) he failed to provide an explanation of his reasoning in formulating her RFC; and (4) he erred in holding that she retained the ability to perform her past relevant work. Russ's appeal is now before the Court.

## Standard of Review

In reviewing ALJ De Steno's decision, the district court exercises plenary review over his legal conclusions and is bound by his factual findings that are supported by substantial evidence, *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000), as the court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see*

---

[1] All references to the Administrative Record are indicated by "Tr."

*also Woody v. Secretary of Health & Human Servs.*, 859 F.2d 1156, 1159 (3d Cir. 1988) (stating that substantial evidence is "more than a mere scintilla but may be less than a preponderance"). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

## Discussion

### A.   Rejection of Reports by Russ's Treating Physicians

Russ first argues on appeal that ALJ De Steno improperly dismissed the report of her treating physician, Dr. Mazhar Elamir. The record indicates that Dr. Elamir treated Russ, from at least 1999, for asthma and coronary heart disease. (*See* Tr. at 122-123, 137, 230, 237, 271, 324.) On June 22, 2001 and May 7, 2003, Dr. Elamir issued two declarations stating that Russ was unable to work. (Tr. at 237, 324.) In one of the declarations, Dr. Elamir also concluded that Russ was "completely disabled." (Tr. at 324.)

In his opinion, ALJ De Steno dismissed both declarations. In a single paragraph, which constituted the entirety of his analysis of Dr. Elamir's declarations, ALJ De Steno stated:

> No significant weight has been accorded to the declarations of disability by Dr. El-Amir [sic]. Dr. El-Amir's assessment is of little probative value, and is internally inconsistent with his own findings. Dr. El-Amir has not submitted any reports or clinical findings to support his conclusion. Therefore, his opinion is not supported by the record. Moreover, the issue of disability involves a subject reserved to the Commissioner.

(Tr. at 24.) Based on this analysis, ALJ De Steno dismissed Dr. Elamir's declarations.

The Court agrees with Russ that ALJ De Steno's analysis of Dr. Elamir's reports is entirely insufficient. It is well-established that if the ALJ rejects probative evidence from a treating physician, he is required to explain why. *See Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981); *see also Walton v. Halter*, 243 F.3d 703, 710 (3d Cir. 2001) (noting that courts "are unable to conduct [their] substantial evidence review if the ALJ fails to identify the evidence he or she rejects and the reason for its rejection."). Reviewing ALJ De Steno's opinion, it is impossible to discern the basis for his discrediting of Dr. Elamir's reports. Specifically, ALJ De Steno fails to explain which of Dr. Elamir's findings were "internally inconsistent" or how Dr. Elamir's reports were lacking in diagnostic support.[2] Without any explanation as to why Dr. Elamir's reports are insufficient, the Court is unable to undertake its substantial evidence

---

[2] In fact, the Court notes that the record tends to show the opposite. Throughout his treating relationship with Russ, Dr. Elamir was quite consistent in his conclusions regarding her impairments. (Tr. at 237, 324). Furthermore, Dr. Elamir accumulated various diagnostic reports from outside providers. (*See* Tr. at 230-245.)

3

analysis.  *Walton*, 243 F.3d at 710.

Accordingly, the Court will remand this matter to the Commissioner for a re-analysis of Dr. Elamir's reports.  In this re-analysis, the ALJ should explain his reasons for crediting or rejecting Dr. Elamir's reports.

### B.     Credibility of Russ's Complaints of Pain

Russ next argues that the ALJ erred in determining that her subjective complaints of disabling pain were not entirely credible.  At the hearing, Russ testified that she is sometimes unable to work due to chest pains. (Tr. at 347.)  Furthermore, she testified that she suffers from foot and arm pain, as well as occasional back pain. (Tr. at 347-49.)  The ALJ, though, determined that these complaints were not totally credible because they were inconsistent with objective medical evidence in the record. (Tr. at 23-24.)

It is well-established that an ALJ is required to determine the extent to which the claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. § 404.1529(c)).  Under the current statutory regime, a claimant's statements about her pain do not alone establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c).  Rather, a disability must be proven through objective medical evidence.  Furthermore, the ALJ should consider a claimant's daily activities, the location, frequency, and intensity of the pain and symptoms, the type and dosage of pain medication, and any other measures used to relieve the alleged pain.  20 C.F.R. § 404.1529(c)(3). In making such determinations, the ALJ is given great discretion, and his findings are entitled to judicial deference.  *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983).

Here, ALJ De Steno's decision to discredit Russ's complaints of pain is supported by substantial evidence.  In his decision, ALJ De Steno discussed at length how the objective medical evidence failed to justify fully crediting Russ's complaints of pain. (Tr. at 23-24.)  First, he noted that Russ's complaints of disabling pain were contradicted by her daily activities, which included driving, cleaning, cooking, shopping, and visiting with family and friends. (Tr. at 23.) Second, ALJ De Steno found the record devoid of any diagnostic findings to support her claims. (Tr. at 24.)  For instance, there was no evidence of a medical condition, such as a herniated disc, disc bulge, nerve impingement, spinal stenosis, or degenerative disc disease.  Third, ALJ De Steno stated that Plaintiff had not had any treatment -- such as emergency room visits, inpatient treatment, physical therapy, pain management, or epidural injections -- relating to her complaints of unrelenting pain. (Tr. at 23.)  Finally, ALJ De Steno recognized that Russ had not been treated by or referred to an orthopedist to further evaluate her complaints, nor is she taking any medication for pain. (Tr. at 23.)

In sum, the record shows that ALJ De Steno considered the applicable rules and regulations for assessing the credibility of Russ's subjective complaints of pain.  Furthermore, his determination that Russ's complaints were not totally credible is supported by substantial

evidence. Therefore, Russ's argument on this ground is denied.

### C. The ALJ's Analysis of Russ's Ability to Work

Russ next argues that ALJ De Steno erred in finding that she is able to perform the full range of sedentary work. Specifically, she alleges that (1) ALJ De Steno's assessment of her RFC at step four was conclusory and unsupported, and (2) he erred in concluding that Russ could perform her past relevant work.

#### 1. The ALJ's Determination of Russ's RFC

In his opinion, ALJ De Steno determined at step four that Russ retained the residual functional capacity ("RFC") to perform sedentary work.[3] The ALJ's analysis of Russ's RFC is contained in one lone paragraph, which states:

> Based on the entire record, including the testimony adduced at the hearing, I conclude that the evidence fails to support the claimant's assertions of disability. Although the claimant has suffered from a medically determinable "severe" impairment, the evidence establishes that she has the capacity to function adequately to perform many basic activities associated with work. However, it is evident that the claimant suffers some pain and limitations due to her impairments, and as a result, her capacity to perform work has been significantly affected. Therefore, I find that the claimant retains the residual functional capacity to perform the exertional demands of work involving lifting and carrying objects weighing up to 10 pounds; sitting up to six hours, and standing and walking up to two hours in an eight hour day; and the full range of sedentary work. The claimant has not had any significant non-exertional limitations.

(Tr. at 24.) Russ argues that ALJ De Steno's analysis of her RFC lacked an evidentiary basis and

---

[3]The Social Security regulations defined "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

5

violated the *Cotter* Doctrine[4] by failing to issue a "comprehensive and analytic" analysis of the evidence. (Pl.'s Br. at 21.) According to Russ, ALJ De Steno merely engaged in a "blanket recitation of the evidence followed by an announcement of appellant's RFC." (Pl.'s Br. at 21.)

The Court agrees. ALJ De Steno's analysis fails to provide any reason why Russ could perform the "full range of sedentary work." The only analysis of Russ's RFC consisted of a conclusory statement that he found Russ able to perform those activities associated with the performance of sedentary work. (*See* Tr. at 24.) This statement, though, does not provide sufficient reasoning to permit the Court to determine whether the ALJ's decision was supported by substantial evidence. *See Cotter,* 642 F.2d at 705 (3d Cir. 1981) (holding that an ALJ must provide "an expression of the evidence s/he considered which supports the result"). Without any indication of how ALJ De Steno determined that Russ is able to perform sedentary work, it is impossible for this Court to make a substantial evidence determination.

In addition, it appears that the ALJ has failed to take account of Russ's frequent hospitalizations in her ability to perform sedentary work. The Third Circuit has recognized that the need for frequent hospitalizations can result in an individual being incapable of sustaining even unskilled sedentary work. *See Rocco v. Heckler*, 826 F.2d 1348, 1350-51 (3d Cir. 1987). Here, the record shows that Russ has required in-patient care on numerous occasions related to her coronary troubles. However, the ALJ's opinion indicates that he failed to take account of this fact when performing his RFC analysis.

Accordingly, the Court cannot find that ALJ De Steno's analysis of Russ's RFC is based upon substantial evidence. As such, the Court will remand this matter to the Commissioner for a more detailed explanation of his step four analysis.

### 2.     The ALJ's Determination that Lee Can Perform Her Past Work

Finally, Russ argues that ALJ De Steno erred in determining that Russ was able to perform her past relevant work as a data entry clerk and customer service worker. Specifically, Russ argues that ALJ De Steno failed to make specific findings regarding the tasks required of her previous jobs.

Because the Court is remanding this case to the Commissioner for a re-analysis of Russ's RFC, we need not determine whether ALJ De Steno's decision on this issue is supported by substantial evidence. Once this matter is heard on remand by the ALJ, and if the ALJ reaches the same conclusion as he did previously, then the Court can address this matter if and when it is appealed.

---

[4] Under the *Cotter* Doctrine, the ALJ's findings should be "'as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *Cotter*, 642 F.2d at 705 (3d Cir. 1981) (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)).

## Conclusion

For the foregoing reasons, the decision of the ALJ is **REVERSED** and **REMANDED** for proceedings consistent with this Letter Opinion.

s/William J. Martini
**William J. Martini, U.S.D.J.**
